1 McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
2 James P. Wagoner, #58553
Robert K. Landen, #149407
3 Matthew A. Chipman #332944
7647 North Fresno Street
4 Fresno, California 93720
Telephone:    (559) 433-1300
5 Facsimile:    (559) 433-2300

6 Attorneys for SPECIAL DISTRICT RISK
MANAGEMENT AUTHORITY

7

8                   UNITED STATES DISTRICT COURT

9        EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

10

| 11 SPECIAL DISTRICT RISK MANAGEMENT AUTHORITY, a joint powers authority, | Case No. 2:20-CV-02404-TLN-CKD |
|---|---|
| 12   Plaintiff, | [PROPOSED] STIPULATED PROTECTIVE ORDER |
| 13 | |
| 14   v. | |
| 15 MUNICH REINSURANCE AMERICA, INC., a corporation; GENERAL REINSURANCE CORPORATION, a corporation; and Does 1-100 inclusive,, | |
| 16 | |
| 17 | |
| 18   Defendants. | |

19

20        Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff SPECIAL

21 DISTRICT RISK MANAGEMENT AUTHORITY. ("Plaintiff" or "SDRMA") and Defendant

22 MUNICH REINSURANCE AMERICA, INC. ("MunichRe") and Defendant GENERAL

23 REINSURANCE CORPORATION ("GenRe") (collectively "Defendants"), through counsel

24 undersigned, jointly submit this Stipulated Protective Order to govern the handling of information

25 and materials produced in the course of discovery or filed with the Court in advance of trial in this

26 action.

27        **GOOD CAUSE STATEMENT PURSUANT TO L.R. 141.1(c)**

28        Disclosure and discovery activity in this action are likely to involve production of

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

1  confidential, proprietary, or private information for which special protection from public disclosure

2  and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly,

3  the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective

4  Order.   The parties acknowledge that this Order does not confer blanket protections on all

5  disclosures or responses to discovery, and that the protection it affords from public disclosure and

6  use extends only to the limited information or items that are entitled to confidential treatment under

7  applicable legal principles.

8       **Statement Under L.R. 141.1(c)(1):**  Examples of confidential information that the parties

9  may seek to protect from unrestricted or unprotected disclosure include:

10      a)     Information that is the subject of a non-disclosure or confidentiality agreement or

11      obligation or subject to the mediation or settlement privileges;

12      b)     Agreements with third-parties, including liability coverage agreements and contract

13      for reinsurance;

14      d)     Information related to claims administration and management, including but not

15      limited to costs, margins, or other internal financial/accounting information, including non-

16      public information related to financial condition or performance and income or other non-

17      public tax information; and

18      e)     Information related to past, current, and future market analyses and business and

19      marketing development, including plans, strategies, forecasts and competition.

20      **Statement Under L.R. 141.1(c)(2):**  Generally speaking, information and documents shall

21  only be designated under this protective order because the Designating Party believes the

22  information or documents are proprietary and/or confidential that the Designating Party would not

23  release publicly.   Unrestricted or unprotected disclosure of such confidential or commercial

24  information would result in prejudice or harm to the Producing Party by revealing the Producing

25  Party's methods for claims administration and claims management. Such information will have been

26  developed at the expense of the Producing Party and represent valuable tangible and intangible

27  assets of that party.  Additionally, privacy interests must be safeguarded.  Accordingly, the parties

28  respectfully submit that there is good cause for the entry of this Protective Order.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2
[PROPOSED] STIPULATED PROTECTIVE ORDER

**Statement Under L.R. 141.1(c)(3):**  The parties submit that protecting the confidential nature of information in this way will be most efficient for the parties and the Court. Documents likely sought in the instant litigation are subject to a protective order in the underlying litigation *Lehman v. Transbay Joint Powers Authority*, San Francisco Superior Court case no.: CGC-16-553758. The parties have met and conferred on this issue and agree that any private agreement between the parties to safeguard this information will need to be replicated through orders of this Court at the time of filing dispositive or non-dispositive motions. The burden shall be on the Party that designated information "Confidential" to take all steps necessary to protect that information in information filed with the Court.

<u>**PROTECTIVE ORDER**</u>

1.    <u>DEFINITIONS</u>.

(a)    The term "Challenging Party" shall mean a Party or Non-Party that challenges the designation of information or items under this Order.

(b)    The term "Confidential" shall mean information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

(c)    The term "Counsel" shall mean the attorneys of record for any party in this action, their associates and their staff and shall include "House Counsel" as well as their support staff.  If any party seeks to add counsel of record or substitute counsel of record, then no "Confidential" Documents and information shall be discussed to such additional or substitute counsel of record until they have agreed to this stipulation by executing the attached Exhibit A.

(d)    The term "House Counsel" shall mean attorneys who are employees of a party to this action.  House Counsel does not include outside counsel of record, or any other outside counsel.

(e)    The term "Designating Party" shall mean a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

(f)    The term "Documents" shall have the same meaning as the terms "documents and electronically stored information" as used in Rule 34 of the Federal Rules of Civil Procedure.

(g)    The term "Expert" shall mean a person with specialized knowledge or experience in

1   a matter pertinent to this litigation who has been retained by a Party to serve as an expert witness or

2   as a consultant in this litigation and who, at the time of retention, is not anticipated to become an

3   officer, director, or employee of a Party.  Nothing in this Protective Order purports to alter in any

4   way the requirements for offering testimony under Fed. R. Evid. 703, or to define the term "expert"

5   for purposes other than those addressed in this Protective Order.

6         (h)     The term "Non-Party" shall mean any natural person, partnership, corporation,

7   association, or other legal entity not named as a Party to this action.

8         (i)     The term "Party" shall mean any party to this action, including all of its officers,

9   directors, employees, and consultants retained in the ordinary course of business.

10        (j)     The term "Producing Party" shall mean a Party or Non-Party that produces

11  information or other discovery material in this action.

12        (k)     The term "Professional Vendors" shall mean persons or entities that provide

13  litigation support services (*e.g.,* photocopying, videotaping, translating, preparing exhibits or

14  demonstrations, and organizing, storing, or retrieving data in any form or medium) and their

15  employees and subcontractors.

16        (l)     The term "Protected Material" shall mean any information or other discovery

17  material that is designated as "Confidential."

18        (m)     The term "Receiving Party" shall mean a Party that receives information or other

19  discovery material from a Producing Party.

20  2.      DESIGNATING PROTECTED MATERIAL.

21        (a)     <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or

22  Non-Party that designates information or items for protection under this Order must take care to

23  limit any such designations.  The Designating Party must designate for protection only those parts

24  of material, documents, items, or oral or written communications that qualify under the appropriate

25  standards so that other portions of the material, documents, items, or communications for which

26  protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass,

27  indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly

28  unjustified or that have been made for an improper purpose (*e.g.,* to unnecessarily encumber or

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4

[PROPOSED] STIPULATED PROTECTIVE ORDER

1    retard the case development process or to impose unnecessary expenses and burdens on other

2    parties) expose the Designating Party to sanctions.  If it comes to a Designating Party's attention

3    that information or items that it designated for protection do not qualify for protection, that

4    Designating Party must promptly notify all other Parties that it is withdrawing the mistaken

5    designation.

6           (b)    Manner and Timing of Designations.  Except as otherwise provided in this Order or

7    as otherwise stipulated or ordered, discovery material and information that qualify for protection

8    under this Order must be clearly so designated before the material is disclosed or produced.  The

9    Designating Party must use reasonable efforts to ensure that the applicable legend appears on each

10   page of each file produced, as permitted by the particular format of a given Document.

11          (c)    Materials Subject to Designation.  Each party to this litigation may designate any

12   Document, thing, interrogatory answer, admission, deposition testimony, and portions of such

13   materials, or other information which it has provided or which a third-party has provided as

14   "Confidential" in accordance with this Protective Order.  The party designating such information as

15   "Confidential" shall be known as the "Designating Party" and the designation shall be set out

16   thereon.   In designating Documents or information as "Confidential," the Designating Party's

17   counsel shall make a good faith determination, before applying the designation, that the information

18   warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure.

19          (d)    Designating Originals or Tangible Items.  In the event the Producing Party elects to

20   produce original Documents and things for inspection rather than produce copies of Documents, no

21   marking need be made by the Producing Party in advance of the initial inspection.  Thereafter, upon

22   selection of specified Documents for copying by the inspecting party, the Producing Party shall

23   mark the copies of such Documents as may contain protected subject matter with the appropriate

24   confidentiality marking at the time the copies are produced to the inspecting party.  Said marking

25   shall not delay the production of the copies.  Information obtained by counsel from initial review of

26   Documents, whether in written form or not, shall be maintained as "Confidential" unless such

27   information is produced without a designation of confidentiality, or as otherwise designated by the

28   Producing Party.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

5
[PROPOSED] STIPULATED PROTECTIVE ORDER

1        (e)    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to

2   designate qualified information or items does not, standing alone, waive the Designating Party's

3   right to secure protection under this Order for such material.  Upon timely correction of a

4   designation, the Receiving Party must make reasonable efforts to assure that the material is treated

5   in accordance with the provisions of this Order.

6   3.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>.

7        (a)    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of

8   confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

9   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

10  burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

11  challenge a confidentiality designation by electing not to mount a challenge promptly after the

12  original designation is disclosed. Any party electing to challenge a designation shall comply with

13  the timing requirement set forth in Local Rule 251(a).

14       (b)    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process

15  under Local Rule 251(b).

16       (c)    <u>Joint Statement</u>: Any challenge submitted to the Court shall be via joint stipulation

17  pursuant to Local Rules 251(c).

18  4.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>.

19       (a)    A Receiving Party may use Protected Material that is disclosed or produced by

20  another Party or by a Non-Party in connection with this case only for prosecuting, defending, or

21  attempting to settle this litigation.  If a Receiving Party files Protected Material with the court, the

22  Receiving Party shall file redacted Protected Material and place an unredacted version of filed

23  Protected Material in a sealed envelope to be lodged with the Court and shall request that the Court

24  consider sealing the filing. The Designating Party shall bear the responsibility to take all necessary

25  steps required by the court to seal Protected Material, including filing a motion to seal if required

26  by the Court. Such Protected Material may be disclosed only to the categories of person and under

27  the conditions described in this Order. When the litigation has been terminated, a Receiving Party

28  must comply with the provisions for Final Disposition of Protected Material set forth below.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

6

[PROPOSED] STIPULATED PROTECTIVE ORDER

(b)     Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as "Confidential" only to:

(i)     the Receiving Party's outside counsel of record, as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose this information provided that the Receiving Party's counsel of record has signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A;

(ii)     the Receiving Party's officers, directors and employees (including House Counsel) to whom disclosure is reasonably necessary for this litigation provided that the Receiving Party has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(iii)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(iv)     the court and its personnel;

(v)     court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(vi)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(vii)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

5.     STORAGE OF PROTECTED INFORMATION BY RECEIVING PARTY.

The recipient of any Protected Material provided under this Protective Order (including copies or excerpts made thereof) shall maintain such information in a secure and safe area, and shall exercise reasonable and proper care with respect to the storage, custody, use, and/or dissemination

1   of such information.

2   6.       PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

3   LITIGATION.

4          If a Party is served with a subpoena or a court order issues in another litigation that compels

5   disclosure of any information or items designated in this action as "Confidential" that Party must:

6          (a)      Promptly notify the Designating Party in writing.  Such notification shall include a

7   copy of the subpoena or court order;

8          (b)      Promptly notify, in writing, the party who caused the subpoena or order to issue in

9   the other litigation that some or all of the material covered by the subpoena or order is subject to

10  this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

11         (c)      Cooperate with respect to all reasonable procedures sought to be pursued by the

12  Designating Party whose Protected Material may be affected.

13         If the Designating Party timely seeks a protective order, the Party served with the subpoena

14  or court order shall not produce any information designated in this action as "Confidential" before

15  a determination by the court from which the subpoena or order issued, unless the Party has obtained

16  the Designating Party's permission.  The Designating Party shall bear the burden and expense of

17  seeking protection in that court of its confidential material — and nothing in these provisions should

18  be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful

19  directive from another court.

20  7.       PROTECTED MATERIAL OF A NON-PARTY SOUGHT TO BE PRODUCED IN THIS

21  LITIGATION.

22         (a)      The terms of this Order are applicable to information produced by a Non-Party in

23  this action and designated as "Confidential."   Such information produced by Non-Parties in

24  connection with this litigation is protected by the remedies and relief provided by this Order.

25  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional

26  protections.

27         (b)      In the event that a Party is required, by a valid discovery request, to produce a Non-

28  Party's confidential information in its possession, and the Party is subject to an agreement with the

MCCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

8

[PROPOSED] STIPULATED PROTECTIVE ORDER

Non-Party not to produce the Non-Party's confidential information, then the Party shall:

        (i)     Promptly notify, in writing, the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

        (ii)    Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

        (iii)   Make the information requested available for inspection by the Non-Party.

    (c)    If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the above notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

8.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

[PROPOSED] STIPULATED PROTECTIVE ORDER

1 provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d)

2 and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or

3 information covered by the attorney-client privilege or work product protection, the parties may

4 incorporate their agreement in the stipulated protective order submitted to the court.

5 10.     FINAL DISPOSITION.

6       (a)     Within sixty (60) days after a final disposition of the action, which shall include entry

7 of final judgment and the exhaustion of all rights of appeal, or a dismissal of the action, a Receiving

8 Party shall either return to the Producing Party or destroy all Documents and things or transcripts of

9 depositions, together with all copies thereof, which have been designated "Confidential.""

10 Notwithstanding this provision, a Receiving Party or its Counsel are entitled to retain an archival

11 copy of all Documents and things or transcripts of depositions that have been designated as

12 "Confidential," even if such materials contain Protected Material.  Any such archival copies that

13 contain or constitute Protected Material remain subject to this Protective Order.

14 11.     MISCELLANEOUS.

15       (a)     Nothing in this Order abridges the right of any person to seek its modification by the

16 court in the future.

17       (b)     By stipulating to entry of this Protective Order, no Party waives any right it otherwise

18 would have to object to disclosing or producing any information on any ground not addressed in

19 this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to

20 use in evidence of any of the material covered by this Protective Order.

21       (c)     Without written permission from the Designating Party or a court order secured after

22 appropriate notice to all interested persons, a Party may not file in the public record in this action

23 any Protected Material. A Party that seeks to file under seal any Protected Material must fully

24 comply with Local Rule 141.

25 IT IS SO ORDERED.

26       Dated:  April 26, 2021

27 _____
CAROLYN K. DELANEY

28 UNITED STATES MAGISTRATE JUDGE

8.spec2404.stipPO

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

[PROPOSED] STIPULATED PROTECTIVE ORDER

**STIPULATION**

IT IS HEREBY STIPULATED by and among the parties, through their undersigned counsel, that the foregoing Stipulated Protective Order may be entered in this action subject to the consent of this Court.

Dated:  March 19, 2021

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By:_____/s/ James P. Wagoner_____
James P. Wagoner
Robert K. Landen
Attorneys for SPECIAL DISTRICT RISK MANAGEMENT AUTHORITY

Dated:  March 19, 2021

CLYDE & CO. US. LLP

By:_____/s/ Alexander Potente_____
Alexander Potente
Alec H. Boyd
Attorneys for MUNICH REINSURANCE AMERICA, INC.

Dated:  March 19, 2021

MUSICK, PEELER & GARRETT LLP

By:_____/s/ David A.Tartaglio_____
David A. Tartaglio
Attorneys for GENERAL REINSURANCE CORPORATION

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ [type or print full name] of

_____ [print or type

full address], hereby declare under penalty of perjury that I have read and am fully familiar with the

terms of the Protective Order entered in *Special District Risk Management Authority v. Munich

Reinsurance America, Inc.*, Case No. 2:20-CV-02404-TLN-CKD, and hereby agree to comply

with and be bound by the terms and conditions of said Order unless and until modified by further

Order of the Court.

I acknowledge that I am about to receive Confidential Information in said action, and hereby

certify my understanding that such information is being provided to me pursuant to the terms and

restrictions of the Protective Order.  I understand that such information, and any copies I make of

any material containing "Confidential", or any notes or other records that may be made regarding

any such information, shall not be disclosed to others, except other persons that are identified in or

have agreed to comply with and be bound by the terms of the Protective Order.  I hereby consent to

the jurisdiction of said Court for purposes of enforcing this Order, even if such enforcement

proceedings occur after termination of this action.

I hereby appoint _____[print or type full name]

of

_____

_____

_____ [print or type full address, telephone number, and email address] as my California

agent for service of process in connection with this action or any proceedings related to enforcement

of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

12

[PROPOSED] STIPULATED PROTECTIVE ORDER

## PROOF OF SERVICE

**SDRMA v. MUNICH REINSURANCE AMERICA, INC., ET AL.**
**Case No. 2:20-CV-02404-TLN-CKD**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On March 19, 2021, I served true copies of the following document(s) described as **[PROPOSED] STIPULATED PROTECTIVE ORDER** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 19, 2021, at Fresno, California.

/s/ Marisela Taylor
Marisela Taylor

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

[PROPOSED] STIPULATED PROTECTIVE ORDER

**SERVICE LIST**
**SDRMA v. MUNICH REINSURANCE AMERICA, INC., ET AL.**
**Case No. 2:20-CV-02404-TLN-CKD**

| | |
|---|---|
| Alexander E. Potente | Attorneys for Defendant, |
| alex.potente@clydeco.us | MUNICH REINSURANCE AMERICA, INC. |
| Aleck H. Boyd | |
| alec.boyd@clydeco.us | |
| Ted Hammers | |
| Ted.Hammers@clydeco.us | |
| CLYDE & CO US LLP | |
| Four Embarcadero Center, Suite 1350 | |
| San Francisco, CA 94111 | |

| | |
|---|---|
| David A. Tartaglio, Esq. | Attorneys for Defendant |
| d.tartaglio@mpglaw.com | GENERAL REINSURANCE CORPORATION |
| MUSICK PEELER & GARRETT LLP | |
| One Wilshire Building | |
| 624 South Grand Avenue, Suite 2000 | |
| Los Angeles, CA 90017 | |

| | |
|---|---|
| Benjamin C. Eggert, Esq. | Attorneys for Defendant, |
| beggert@wiley.law | GENERAL REINSURANCE CORPORATION |
| Karen Toto, Esq. | |
| ktoto@wiley.law | |
| WILEY REIN LLP | |
| 1776 K. Street, N.W. | |
| Washington, DC 20006 | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PROPOSED] STIPULATED PROTECTIVE ORDER